UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Zachary Watson and<br>Z Watson Enterprises LLC<br>d/b/a Genisys Body Arts and<br>Z. Watson Piercing<br><br>    Plaintiffs,<br><br>v.<br><br>Allyx Foster<br><br>    Defendant. | #__2:20-cv-977_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### PARTIES

1. Plaintiff, Zachary Watson, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address of 546 Valley Road, Ambridge, Pennsylvania 15003.

2. Plaintiff, Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing, is a Pennsylvania limited liability company with a primary business address of 546 Valley Road, Ambridge, Pennsylvania 15003.

3. Defendant, Allyx Foster, is an adult individual and a resident of the State of North Dakota, residing at the address of 825 N. Second Street, Bismarck, North Dakota 58501.

4. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter in this civil action. Plaintiffs are a citizen of Pennsylvania and a Pennsylvania limited liability company, and

Defendant, upon information and belief, is a citizen of North Dakota. The amount in controversy in this case, exclusive of interests and costs, exceeds the sum of $75,000.

6. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) and (2), in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred.

**FACTS**

7. Plaintiff Watson is the owner of Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing (hereinafter collectively known as the "Z Watson Plaintiffs"), in Sewickley, Pennsylvania, an establishment offering piercing, body art, and body modification services.

8. Beginning in April 2019, Defendant entered into an apprenticeship with Plaintiff Watson to learn piercing, body art, and body modification skills.

9. Defendant remained in this apprenticeship until September 2019, at which point Defendant left the apprenticeship to take a position with a business that performed piercing, body art, and body modification services located in Bismarck, North Dakota.

10. During the course of this apprenticeship, Plaintiff Watson and the Defendant engaged in consensual sexual activity.

11. Defendant also electronically sent Plaintiff Watson photographs and video recordings of a sexual nature.

12. On or about June 19, 2020, Defendant made a public post to the social media platform Facebook, specifically identifying Plaintiff Watson and Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing by name, alleging that Plaintiff Watson

engaged in sexually predatory and manipulative behavior towards her, coerced Defendant into nonconsensual sexual activity, and threatened Defendant with repercussions and "blacklisting" should Defendant share reports of this alleged activity. A true and accurate copy of screenshots of this Facebook post is attached hereto as Exhibit "**A**".

13.     Specifically, Defendant alleges in her post that Plaintiff Watson "is a con artist, a master manipulator, an abuser, and a predator" and that she "was backed into a corner and manipulated into sexual contact" with Plaintiff Watson. Defendant further alleges in her post that she was forced into "sharing intimate photos and videos of myself" to appease Plaintiff Watson. See Exhibit "**A**".

14.     Numerous other social media posters have commented on Defendant's post, making further unfounded general allegations of sexually predatory behavior and abuse against Plaintiff Watson.

15.     Subsequent to the Defendant's social media post, the post garnered over 180 comments, 450 shares, and 500 reactions from members of the community.

16.     Subsequent to the Defendant's social media post, the Z Watson Plaintiffs became the subject of social media outcry and the target of additional social media posts.

17.     On or about June 22, 2020, Defendant made another public post to the social media platform Facebook, specifically identifying Plaintiff Watson and Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing by name, reasserting the unfounded claims contained in her original post of June 20, 2020. A true and accurate copy of this Facebook post is attached hereto as Exhibit "**B**".

18.     Defendant's additional social media post garnered over 200 reactions, comments, and shares from members of the community.

19. Upon information and belief, Defendant also posted these unfounded allegations to additional social media forums and/or platforms, including Instagram and Reddit.

20. Subsequent to Defendant's social media posts, users uploaded negative reviews of the Z Watson Plaintiffs to social media platforms and online business review forums, such as Yelp, causing Plaintiffs to lose existing and potential customers, and substantial revenue. A true and accurate copy is attached hereto as Exhibit "**C**".

21. Subsequent to Defendant's social media posts, upon information and belief, on or about June 27, 2020, an online petition was created on the website change.org that contained false and defamatory statements stemming from the false allegation made by the Defendant regarding the Z Watson Plaintiffs. A true and accurate copy is attached hereto as Exhibit "**D**".

22. Subsequent to Defendant's social media posts, the Z Watson Plaintiffs have lost clients and revenue due to the negative impact upon Plaintiff Watson and his business's reputation.

23. Plaintiffs have suffered economic and financial loss as a result of the Defendant's social media posts.

24. At no point in time has Plaintiff Watson raped and/or sexually assaulted Defendant.

25. At no point in time has Plaintiff Watson coerced or manipulated Defendant into sharing photographs or video recordings of a sexual nature.

26. The sexual interactions which occurred between Plaintiff Watson and Defendant were consensual.

27. The accusation that Plaintiff Watson engaged in non-consensual sexual relations with any person and/or sexually abused any person and/or acted in a sexually predatory manner toward any person is unequivocally and absolutely false.

28. The statements made by Defendant were knowingly false or made with disregard for their veracity.

29. The statements made by Defendant were made without cause and with actual malice.

30. The Defendant published the remarks to third parties and on public forums with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

31. Upon information and belief, Defendant further recruited other social media users to engage in a campaign of making false allegations or false reports via social media posts of sexual misconduct and/or sexually manipulative and predatory behavior on behalf of the Z Watson Plaintiffs and to spread and/or republish the Defendant's false statements

32. The nature of these words and comments provide the understanding to the recipient of their defamatory meaning, and the recipient received an understanding that such comments were intended to apply to the Z Watson Plaintiffs because the Plaintiff Watson's name and the name of his place of business was used in conjunction with the Defendant's comments.

33. The statements made by the Defendant about the Plaintiff were false.

34. The publication was not privileged.

35. Plaintiff Watson was harmed by and did in fact suffer damages because of Defendant's publication of false statements about Plaintiff Watson, including but not limited to the loss of gainful employment and income, harm to Plaintiff's reputation, emotional distress,

humiliation, mortification, and embarrassment, sleeplessness and anxiety and other damages that may arise during the course of discovery and the course of this trial.

36. Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing was harmed by and did in fact suffer damages because of Defendant's publication of false statements about Plaintiff Watson, including but not limited to loss of revenue, loss of business reputation, interference with business relations with existing clientele, interference with business relations with potential clients, and interference with professional relationships with business and trade associations.

## COUNT I – DEFAMATION
### Zachary Watson, an adult individual, and Z Watson Enterprises, a limited liability company v. Allyx Foster, an adult individual

37. The Z Watson Plaintiffs hereby incorporate each of the foregoing paragraphs within Plaintiffs' Complaint as if each were set forth more fully at length herein.

38. The Defendant negligently or with actual malice published false and defamatory statements regarding the Z Watson Plaintiffs to Defendant's public social media account.

39. The defamatory statements had a tendency to and did put the Z Watson Plaintiffs in a false light, were meant to harass and continue to harass the Z Watson Plaintiffs, put Plaintiff Watson in imminent fear of the Defendant making additional comments to family, friends, co-workers and superiors, caused Plaintiff Watson great anxiety and put immense strain on the Z Watson Plaintiffs' relationships.

40. These defamatory statements further had a tendency to and did put Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing in a false light, were meant to harass and continue to harass Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing, and harm Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body

Arts and Z. Watson Piercing's reputation and standing in the community and among its business relations, clientele, and potential clientele.

41. The statements Defendant made were not privileged.

42. Defendant made the social media post in question herein in bad faith.

43. Defendant knew that Plaintiff Watson did not engage in non-consensual sexual intercourse with Defendant.

44. Defendant knew that Plaintiff Watson did not engage in sexually manipulative or predatory conduct.

45. Defendant's social media post was done purposefully, maliciously, reckless, and with the intent to defame Plaintiff.

46. To date, Defendant continues to defame and harass the Z Watson Plaintiffs.

47. As a direct and proximate result of Defendant's wrongful conduct, the Z Watson Plaintiffs have suffered substantial economic injury, loss of goodwill, harm to their reputations, loss of esteem and standing in the community, loss of esteem and standing within their family, emotional distress, continued defamatory statements, stress and hardship upon their relationship, stress and hardship upon their relationships with their family members, and humiliation.

48. The Defendant's harassing and malicious conduct has and continues to take a toll on Plaintiff Watson's emotional well-being.

49. The accusation that Plaintiff Watson engaged in non-consensual sexual intercourse with the Defendant is false.

50. The accusation that Plaintiff Watson engaged in non-consensual sexual intercourse with any person is false.

51. The accusation that Plaintiff Watson engaged in non-consensual sexual intercourse is defamation per se.

52. Defendant published the remarks to third parties, identified in averments set forth above, with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

53. The publication was not privileged.

54. The defamatory statements were not privileged.

55. The publication of these remarks has resulted in damage to Plaintiff Watson's reputation within the community and economic loss, including, but not limited to, the following:

    a. Emotional distress;

    b. Humiliation, mortification, and embarrassment;

    c. Constant fear of having his reputation defamed;

    d. Sleeplessness and anxiety;

    e. Loss of reputation;

    f. Loss of revenue;

    g. Other damages that may arise during the course of discovery and through this trial.

56. The publication of these remarks has resulted in damage to Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing's reputation within the community and economic loss, including, but not limited to, the following:

    a. Humiliation, mortification, and embarrassment;

    b. Loss of reputation;

    c. Loss of existing clientele and potential future clientele;

   d. Loss of revenue;

   e. Other damages that may arise during the course of discovery and through this trial.

  WHEREFORE, Plaintiffs Zachary Watson and Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing demand judgment in their favor and against Defendant Allyx Foster for damages from Defendant in an amount to be determined at trial, in excess of $75,000, punitive damages against Defendant in an amount to be determined at trial, costs of suit and fees, and for such other and further relief this Honorable Court deems just and proper.

## COUNT II – INTRUSION UPON SECLUSION
## Zachary Watson, an adult individual v. Allyx Foster, an adult individual

  57. The Z Watson Plaintiffs hereby incorporate each of the foregoing paragraphs within Plaintiffs' Complaint as if each were set forth more fully at length herein.

  58. While Plaintiff Watson denies the truthfulness of the Defendant's afore-described allegations, any such information regarding Plaintiff Watson's alleged engagement in non-consensual sexual activity are personal and private to him.

  59. Defendant sought to maliciously and falsely accuse Plaintiff Watson of engaging in inappropriate sexual conduct and in so doing made a public social media post to report the false statements.

  60. The false light in which Plaintiff Watson was placed would be highly offensive to a reasonable person.

  61. The Defendant had knowledge of or acted in reckless disregard as to the falsity of the allegations that Plaintiff engaged in non-consensual sexual activity and the false light in which the Plaintiff was placed by the dissemination of such false, defamatory information.

WHEREFORE, Plaintiffs Zachary Watson and Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing demand judgment in their favor and against Defendant Allyx Foster for damages from Defendant in an amount to be determined at trial, in excess of $75,000, punitive damages against Defendant in an amount to be determined at trial, costs of suit and fees, and for such other and further relief this Honorable Court deems just and proper.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Zachary Watson, an adult individual v. Allyx Foster, an adult individual

62. The Z Watson Plaintiffs hereby incorporate each of the foregoing paragraphs within Plaintiffs' Complaint as if each were set forth more fully at length herein.

63. Defendant's conduct as outlined above was intentional.

64. Defendant's conduct as outlined above was extreme, outrageous and of such character as not to be tolerated by a civilized society.

65. Defendant's conduct as outlined above was for an ulterior motive or purpose.

66. Defendant's conduct resulted in severe and serious emotional distress.

67. As a direct and proximate result of Defendant's conduct, Plaintiff Watson has been damaged in the manner outlined above.

WHEREFORE, Plaintiffs Zachary Watson and Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing demand judgment in their favor and against Defendant Allyx Foster for damages from Defendant in an amount to be determined at trial, in excess of $75,000, punitive damages against Defendant in an amount to be determined at trial, costs of suit and fees, and for such other and further relief this Honorable Court deems just and proper.

### COUNT IV – INVASION OF PRIVACY (PUBLICITY PLACING A PERSON IN FALSE LIGHT)
### Zachary Watson, an adult individual v. Allyx Foster, an adult individual

61. The Z Watson Plaintiffs hereby incorporate and adopt by reference each of the foregoing paragraphs as though fully set forth herein.

62. The foregoing facts demonstrate that there was publicity concerning Defendant's false statements about Plaintiff Watson made by Defendant on social media websites.

63. The publicity was to the public in general and to those with whom Plaintiff Watson had a business relationship.

64. The information was made objectionable by attributing to Plaintiff Watson's characteristics.

65. Defendant's false statements about Plaintiff Watson made by Defendant on social media platforms and/or forums are of the nature of which a reasonable person would find highly offensive.

66. The Defendant had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff Watson would be placed.

67. The publicity caused by the Defendant placed Plaintiff Watson in a false light and invaded his privacy.

68. As a direct and proximate result of the Defendant's actions, Plaintiff Watson has suffered and continues to suffer damages, including but not limited to mortification, embarrassment, humiliation, emotional distress and mental pain.

WHEREFORE, Plaintiffs Zachary Watson and Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing demand judgment in their favor and against Defendant Allyx Foster for damages from Defendant in an amount to be determined at trial, in excess of $75,000, punitive damages against Defendant in an amount to be determined at trial, costs of suit and fees, and for such other and further relief this Honorable Court deems just and proper.

**COUNT V –INVASION OF PRIVACY**
**(PUBLICITY GIVEN TO PRIVATE LIFE)**
**Zachary Watson, an adult individual v. Allyx Foster, an adult individual**

69. The Z Watson Plaintiffs hereby incorporate and adopt by reference each of the foregoing paragraphs as though fully set forth herein.

70. Defendant publicized private facts, including but not limited to information regarding the relationships and sexual activities of Plaintiff Watson, Plaintiff Watson's place of business, Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing, and the nature of private conversations and social interactions on Defendant's social media platforms and/or forums.

71. The above information about the Z Watson Plaintiffs was private information, and not meant for publication to the general public.

72. The publication of this private information stated above is of the nature which would be highly offensive to a reasonable person.

73. The above described private information of the Z Watson Plaintiffs is not a matter of legitimate concern to the public.

WHEREFORE, Plaintiffs Zachary Watson and Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing demand judgment in their favor and against Defendant Allyx Foster for damages from Defendant in an amount to be determined at trial, in excess of $75,000, punitive damages against Defendant in an amount to be determined at trial, costs of suit and fees, and for such other and further relief this Honorable Court deems just and proper.

**COUNT VI – INJURIOUS FALSEHOOD**
**Zachary Watson, an adult individual v. Allyx Foster, an adult individual**

74. The Z Watson Plaintiffs hereby incorporate and adopt by reference each of the foregoing paragraphs as though fully set forth herein.

75. Plaintiff Watson was employed at Plaintiff Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing, a business he owned, which, among other things, performed piercings and provided body art and body modification services.

76. The Defendant did on June 19, 2020 and June 22, 2020 make public social media posts which falsely accused Plaintiff Watson of engaging in non-consensual sexual intercourse with the Defendant, along with allegations of sexually manipulative and predatory behavior.

77. These statements were false.

78. The Defendant did or should have recognized that making a public post on social media would lead to pecuniary loss on the part of Plaintiff Watson.

79. Subsequent to the Defendant's social media posts, the Z Watson Plaintiffs did indeed begin losing customers and potential clients.

80. The Z Watson Plaintiffs suffered pecuniary loss as a result of Defendant's social media post.

81. Defendant knew the statements regarding the Z Watson Plaintiffs was false or acted in reckless disregard to the truth or falsity of said statements.

82. Based upon the foregoing, Defendant made false publications intending or in reckless disregard that these statements would result in a pecuniary loss to the Z Watson Plaintiffs.

83. As a result of the Defendant's conduct, Plaintiff has suffered great and irreparable harm and monetary damages.

WHEREFORE, Plaintiffs Zachary Watson and Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing demand judgment in their favor and against Defendant Allyx Foster for damages from Defendant in an amount to be determined at trial, in excess of $75,000,

punitive damages against Defendant in an amount to be determined at trial, costs of suit and fees, and for such other and further relief this Honorable Court deems just and proper.

### COUNT VII – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### Zachary Watson, an adult individual, and Z Watson Enterprises, a limited liability company v. Allyx Foster, an adult individual

84. The Z Watson Plaintiffs hereby incorporate and adopt by reference each of the foregoing paragraphs as though fully set forth herein.

85. The Z Watson Plaintiffs had existing business relationships with third parties, including his existing clientele, suppliers, and potential clientele.

86. The Defendant interfered with these existing and potential business relationships through the dissemination and publication of false statements regarding allegations that Plaintiff Watson had engaged in non-consensual sexual activity with Defendant and others, and that Plaintiff Watson had demonstrated sexually manipulative and predatory behavior towards Defendant and others.

87. The Defendant was not privileged to act in this manner.

88. The Z Watson Plaintiffs did suffer pecuniary loss as a result of said conduct.

WHEREFORE, Plaintiffs Zachary Watson and Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing demand judgment in their favor and against Defendant Allyx Foster for damages from Defendant in an amount to be determined at trial, in excess of $75,000, punitive damages against Defendant in an amount to be determined at trial, costs of suit and fees, and for such other and further relief this Honorable Court deems just and proper.

### COUNT XIII – REQUEST FOR INJUNCTIVE RELIEF
### Zachary Watson, an adult individual, and Z Watson Enterprises, a limited liability company v. Allyx Foster, an adult individual

89. The Z Watson Plaintiffs hereby incorporate and adopt by reference each of the foregoing paragraphs as though fully set forth herein.

90. The Z Watson Plaintiffs will be irreparably injured and damaged if Defendant is permitted to continue to disseminate false, defamatory information regarding the Plaintiff Watson engaging in non-consensual sexual activities.

91. The Z Watson Plaintiffs are without an adequate remedy at law because there are no damages that can compensate for the loss of the value of the Z Watson Plaintiffs' reputation within the community and having false allegations reported against the Z Watson Plaintiffs on social media websites and within the local community.

92. In the short time in which Defendant has disseminated the afore-described defamatory statements, Plaintiff Watson's mental, physical and emotional health has suffered.

93. In the short time in which Defendant has disseminated the afore-described defamatory statements, The Z Watson Plaintiffs' reputation within the community has suffered.

94. The Z Watson Plaintiffs have been and continue to be harassed by the Defendant's false, malicious defamatory statements.

95. The Z Watson Plaintiffs believe and therefore aver that based upon the Defendant's dissemination of false, malicious, defamatory statements to Defendant's social media followers, these acts will continue unless restrained by the Court.

96. No adequate remedy at law exists to address the intentional, on-going dissemination of false information by the Defendant regarding the false allegations that Plaintiff Watson engaged in non-consensual sexual activity.

97. The Z Watson Plaintiffs have no adequate remedy at law because of substantial injury that Defendant has caused and will continue to cause as a result of her wrongful divulgence of false, defamatory information.

WHEREFORE, Plaintiffs Zachary Watson and Z Watson Enterprises LLC d/b/a Genisys Body Arts and Z. Watson Piercing demand judgment in their favor and against Defendant Allyx Foster for damages from Defendant in an amount to be determined at trial, in excess of $75,000, punitive damages against Defendant in an amount to be determined at trial, costs of suit and fees, and for such other and further relief this Honorable Court deems just and proper.

1. As against Defendant Allyx Foster issue a Permanent Injunction after a trial on the merits:

    a. Enjoining Defendant Allyx Foster from dissemination of false information regarding the false allegations that Plaintiff Zachary Watson engaged in non-consensual sexual activity.

    b. Enjoining Defendant Allyx Foster from harassing and/or contacting Plaintiffs.

    c. Enjoining Defendant Allyx Foster from maintaining the social media post regarding the Z Watson Plaintiffs as viewable on her social media platforms.

    d. Award damages to the Z Watson Plaintiffs based upon the unlawful and improper actions of Defendant;

    e. Award the Z Watson Plaintiffs reasonable attorneys' fees, interest, expenses, and costs of this action; and

    f. Grant such other relief as justice may require.

2. Unless the foregoing injunctive relief is granted against the Defendant, the Z Watson Plaintiffs will be irreparably harmed. More harm will result from the denial of

injunctive relief than from the granting of injunctive relief, and the public interest will not be adversely affected.

Respectfully submitted,

**HARDIN THOMPSON, P.C.**

*/s/ Kenneth J. Hardin II*
Kenneth J. Hardin II
PA ID 58303
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, PA 15219
(412) 315-7195
(412) 315-7386 (fax)
KenHardin@hardinlawpc.net
***Counsel for Plaintiff***